57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carrie Jo CARLSON, Plaintiff-Appellant,
v.
HAWAII TUG & BARGE CORPORATION/YOUNG BROTHERS, LTD., A
Hawaii corporation; Wallace P. Thompson, individually and
in his capacity as a Captain of Hawaii Tug & Barge
Corporation/Young Brothers, Ltd., Joseph Nahinu, Jr.,
individually and in his capacity as an oiler of Hawaiian Tug
& Barge Corporation/Young Brothers, Ltd., Defendants-Appellees.
 No. 94-15912.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carrie Jo Carlson appeals pro se the district court's order enforcing a settlement agreement in Carlson's action under (1) Title VII, (2) 42 U.S.C. Sec. 1981, and (3) the Jones Act, 46 U.S.C. Sec. 688, against Hawaiian Tug and Barge Corporation and two of its employees alleging that she was sexually harassed during the course of her employment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Carlson contends that the district court erred by enforcing the settlement agreement because she did not voluntarily agree to settle.[1] This contention lacks merit.
 
 
 4
 "The construction and enforcement of settlement agreements are governed by the principles of local law which apply to interpretation of contracts generally." United Commercial Ins. v. The Paymaster Corp., 962 F.2d 853, 856 (9th Cir.) (internal quotation omitted), cert. denied, 113 S.Ct. 660 (1992). Under Hawaii law, settlement agreements are controlled by principles of general contract law. Dowsett v. Cashman, 625 P.2d 1064, 1068 (Haw.Ct.App.1981). Thus, a settlement agreement "requires an offer and acceptance, consideration, and parties who have the capacity and authority to agree as they do." Id.
 
 
 5
 The only issue here is whether Carlson's counsel was authorized to settle this action on Carlson's behalf. We conclude that she was authorized.
 
 
 6
 In December 1993, after extensive settlement negotiations, the parties agreed to settle this action. During the course of the final settlement conference, Carlson spoke with her counsel by telephone. Counsel fully explained the terms of the settlement offer to Carlson and received her consent to settle on the offered terms. Thus, Carlson's counsel was authorized to settle the action on Carlson's behalf and the district court did not err by enforcing the settlement agreement. See id.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to this court's order dated October 27, 1994, jurisdiction is limited to review of the district court's April 5, 1994 order enforcing the settlement agreement
 
 
 [2]
 Appellees' request for attorney's fees and sanctions on appeal pursuant to 42 U.S.C. Sec. 2000e-5(k) and Fed.R.App.Pro. 38 is denied